**Rafik SAFARYAN; Gayane Mezklumyan; et al., Petitioners,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73436.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leah V. Durant, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Rafik Safaryan, his wife and two children, natives and citizens of Armenia, peti-tion *pro se* for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

■ The record does not compel reversal of the agency's conclusion that Safaryan did not establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See Molina–Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir.2001) (concluding that where evidence does not compel the conclusion that alleged persecutors attributed a political opinion to petitioner, personal retribution is not persecution on account of a protected ground). Accordingly, petitioners' asylum and withholding of removal claims fail. *See id.* at 1052.

■ Substantial evidence supports the BIA's denial of CAT relief because Safaryan failed to establish it is more likely than not that he will be tortured if he returns to Armenia. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004).

■ We deny petitioners' due process contention that the IJ did not act as a neutral adjudicator, because they failed to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

demonstrate prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge). Further, we lack jurisdiction to review petitioners' due process contention that Safaryan was given incompetent translation with regard to the terms 'magician' and 'vampire,' because they failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**